# Frederick *v.* Northern Alabama Railway Co.

*Action against Tax Collector to recover Taxes paid under Protest.*

1. *Special road tax; levy of special and general tax by county can not exceed constitutional limit.*—Under the provisions of the act "to better provide for the working of the public roads of St. Clair, Cherokee, Franklin and Shelby counties," approved December 13, 1898, (Acts of 1898-99, p. 189), which authorized the levy of a special tax of not less than one-tenth or more than one-fifth of one per centum on all the taxable property of said counties, "which special tax shall be a part of that which is authorized by the constitution for county purposes," the commissioners court of each of said counties is without authority to levy a special tax in addition to the regular county taxes for county purposes, if the latter tax rate is fixed at the rate of one-half of one per centum, which is the full constitutional limit; and, therefore, where in one of said counties the commissioners court levied a regular county tax rate for county purposes of one-half of one per centum for the year 1899, and, in addition thereto, for the same year, levied a special tax of one-tenth of one per centum on the value of the taxable property in said county, the levy of the special tax was unauthorized by the constitutional provision fixing the limit of regular county tax rate for county purposes.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. E. B. ALMON.

This was an action brought by the Northern Alabama Railroad Company against the appellant, A. C. Frederick, as tax collector of Franklin county, to recover taxes alleged to have been collected by the defendant from the plaintiff without warrant or authority

of law, and which were paid by the plaintiff under protest.

It was averred in the complaint that under the act "to better provide for the working of the public roads of St. Clair, Cherokee, Franklin and Shelby counties," Acts of 1898-99, p. 189, the commissioners court of Franklin county levied an assessment of one-tenth of one per centum for the purpose, as expressed in said statute, and that the assessment against the property of the plaintiff under such special act amounted to $152.21, which the plaintiff paid under protest, for the purpose of avoiding a sale of its property; that said assessment was unconstitutional and void, and that the levy of said taxes and the collection thereof was unwarranted and illegal.

The defendant demurred to the complaint upon the ground that the levy was made under a special act, which special act offends no section or clause of the constitution, and that the assessment was regular, and the collection of the amount of taxes from the plaintiff was within the authority of said special act constituting a special road tax for Franklin county. The demurrer was overruled, and the defendant declining to plead further, judgment was rendered for the plaintiff. The defendant appeals, and assigns as error the overruling of the demurrer to the complaint.

W. H. KEY and G. K. McGREGOR, for appellant.

SMITH & WEATHERLY, contra.

HARALSON, J.—The 17th section of the act, "To better provide for the working of the public roads of St. Clair, Cherokee, Franklin and Shelby counties," approved December 13th, 1898, (Acts, 1898-99, p. 189), provides "That the court of county commissioners of said counties, shall levy a special tax of not less than one-tenth nor more than one-fifth of one per centum on all taxable property of St. Clair, Cherokee, Franklin and Shelby counties, to be assessed and collected as other taxes, and when paid into the treasury, it shall be kept separate from other funds and used only for the

purposes indicated in this act, which special tax shall be a part of that which is authorized by the constitution for county purposes."

The complaint alleges that "said commissioners' court, disregarding said provisions of said act, levied a regular county tax rate for county purposes, to the full limit of the constitution, for the year 1899 to-wit, one-half of one per centum for said year 1899 on the value of the taxable property in said county, and in addition thereto, in the same year, levied a special tax of one-tenth of one per centum on the value of the taxable property in said county, claiming that said last named rate was authorized by said act." It further alleges, that plaintiff paid the taxes due by it, of one-half of one per centum levied for county purposes and refused to pay said special tax of one-tenth of one per centum, on the ground that the assessment of the same was null and void, but paid it under protest and compulsion, and to avoid a sale of its property levied on.

Section 5 or Art. XI of the constitution limits the tax rate of the counties, providing, that "No county in this State shall be authorized to levy a larger rate of taxation, in any one year, on the value of the taxable property therein, than one-half of one per centum." The section further provides, that to pay any debt here-after created for the erection of necessary public build-ings or bridges, any county may levy and collect such special taxes as may be authorized by law.

The language of said section, 17, is, that this "special tax shall be a part of that which is authorized by the constitution for county purposes." It is thus made to appear, that this special tax of one-tenth of one per centum, was in excess of the one-half of one per centum authorized by the constitution to be levied for county purposes, and in addition thereto, said special tax of one-tenth of one per centum, was levied and collected, making a sixty instead of fifty per centum taxation on plaintiff's property in the same year for county pur-poses,—opposed alike to the provisions of said section of the constitution and of said act of the legislature. When the commissioners levied a tax of one-half of

[Chastain v. Porter.]

one per centum, as they did, for county purposes, their power in this respect was completely exhausted, and there remained to them no room for or authority to levy and collect said special tax.

Under the averments of the complaint, the plaintiff had the right to sue for and collect from the defendant the amount of said special tax, paid by him under protest, and to protect his property from sale.

Affirmed.